UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL KIBODEAUX, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3277 |
| | § | |
| WOOD GROUP PRODUCTION AND | § | |
| CONSULTING SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (Doc. No. 18). After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be granted in part.

### I.  BACKGROUND

Defendant Wood Group[1] provides personnel and support services to the oil and gas industry, including by providing various types of consultants for its clients. (Doc. No. 18 at 2; Doc. No. 21 at 2.) Plaintiff Michael Kibodeaux worked as a Construction Consultant for Defendant Wood Group from 2014 to 2016. (Doc. No. 18-1 ¶ 2.) In that capacity, Mr. Kibodeaux was classified as an independent contractor and paid a day rate. (Doc. No. 18 at 2; Doc. No. 21 at 6.) On November 6, 2016, Mr. Kibodeaux filed this action on behalf of himself and all similarly situated workers, alleging that Defendant's payment of those workers at a day-rate violated the overtime provisions of the Fair Labor Standards Act (FLSA). (Doc. No. 1.) On January 11, 2017, Brad Sims, a former Completions Consultant for Defendant, filed a notice of consent to join the

---

[1] The Complaint names Wood Group Production and Consulting Services, Inc. as the Defendant. (Doc. No. 1.) However, in October 2016, Wood Group Production and Consulting Services, Inc. was merged into Wood Group PSN, Inc. (Doc. No. 21 at 1 n. 1.)

1

case. (Doc. No. 11.)

Plaintiffs seek conditional certification of a class consisting of "[a]ll persons who worked for Wood Group Production and Consulting Services, Inc., as Drilling Consultants, Completions Consultants, and/or Construction Consultants who were classified as independent contractors and paid a day-rate at any time from _____, 2014 to the present." (Doc. No. 18 at 1.) Plaintiffs request that the starting date be set at three years prior to the date of distribution of any Court-approved notice. (Doc. No. 18 at 1 n. 1.) Defendant opposes conditional certification and argues that briefing on the content, form, and method of distribution of any notice is premature. (Doc. No. 21.)

## II.  LEGAL STANDARDS

On motions for collective action certification in FLSA cases, the Fifth Circuit has affirmed district courts' use of the lenient standard adopted by the United States District Court for the District of New Jersey in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g.*, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–16 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The *Lusardi* approach includes two steps: (1) the plaintiff's motion for conditional certification, and (2) the defendant's motion for decertification.

At the first stage, the Court must decide whether notice of the action should be given to potential class members. *Id*. at 1213–14. The court's decision at this stage is usually based on the pleadings and affidavits that have been submitted, and is made using a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class." *Id*. at 1214; *see also Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) ("The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed

collectively."). A plaintiff may proceed collectively only if the challenged conduct is a generally applicable rule, policy, or practice. *McKnight v. D.Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). Therefore, conditional certification should be denied when the action arises from circumstances purely personal to the plaintiff. *Id*.

In order to obtain conditional certification, the plaintiff must make a "minimal showing" that: (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit.[2] *Aguirre v. SBC Commc'ns, Inc.*, No. H–05–3198, 2006 WL 964554, at *6 (S.D. Tex. April 11, 2006). With regard to the second factor, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995-96 (E.D. Tex. 2011). In making this assessment, "the court need not find uniformity in each and every aspect of employment to determine that a class of employees is similarly situated." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 288 (N.D. Tex. 2012).

The second stage of the *Lusardi* approach is usually prompted by a defendant's motion

---

[2] Courts in the Fifth Circuit are divided as to whether plaintiffs are required at the conditional certification stage to present evidence regarding the third element. *Compare Davis v. Mostyn Law Firm, P.C.*, No. 4:11-cv-02874, 2012 WL 163941, at *10 (S.D. Tex. Jan. 19, 2012); *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009); *with Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 768 (S.D. Tex. 2015); *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 915-16 (S.D. Tex. 2010). The courts that have rejected the third element note that it is not required by the FLSA. *See Jones*, 149 F. Supp. 3d at 768; *Villareal*, 751 F. Supp. 2d at 915-16. They also argue that requiring proof of the third element is in tension with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes. *Id*. For the reasons explained below, this Court finds that Plaintiffs have provided sufficient evidence to satisfy the third element. Therefore, the Court does not take a position on whether the third element should be required in other cases.

for decertification after some or all discovery has been completed. At that time, a court considers additional evidence submitted by the parties in determining whether to decertify the class on the ground that its members are not similarly situated. *Mooney*, 54 F.3d at 1214.

## III. ANALYSIS

### A. Plaintiffs have satisfied their burden to show that other similarly situated individuals exist.

In order to establish whether members of a proposed FLSA class are similarly situated, the Court assesses whether they "performed the same basic tasks and were subject to the same pay practices." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995-96 (E.D. Tex. 2011). Defendant does not dispute that members of the potential class were subject to the same pay practices, that is, that they were classified as independent contractors and paid a day rate. (Doc. No. 21 at 6.) Defendant does, however, dispute that members of the proposed class are similarly situated in terms of job duties. Defendant notes that the work performed by these consultants varies by consultant type (Drilling Consultant, Completions Consultant, or Construction Consultant), client, and project location, in part because clients request consultants with particular skills for particular projects. *Id.* at 3-4. According to Defendant, consultants' duties can range from overseeing the building of roads to supervising third-party completions contractors. *Id.*

The Court is satisfied, however, that the duties of class members are sufficiently similar for purposes of conditional certification. To meet their burden, the Plaintiffs must show that the positions are similar, not that they are identical. *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 649-50 (S.D. Tex. 2010). This requirement is intended to deny conditional certification only when the action arises from circumstances purely personal to the plaintiff. *Id.* Here, though some job duties varied, all consultants performed a similar function of supervising

4

the completion of a project by coordinating the efforts of various stakeholders. *See* Doc. Nos. 18-1, 18-2. Across different projects and consultant types, Wood Group's consultants were referred to onsite as the "company man," that is, as a representative of the well's owner. *Id*. As such, although potential class members may have had different areas of expertise, Plaintiffs' claims do not appear to arise from circumstances purely personal to Mr. Kibodeaux and Mr. Sims. Because potential class members were paid in the same manner, and because their job duties were not different in ways that are legally relevant to their FLSA claim,[3] the Court finds that the potential class members are similarly situated for purposes of conditional certification.[4]

### B. Plaintiffs have shown that aggrieved individuals are interested in joining the lawsuit.

Defendant further argues that Plaintiffs have failed to satisfy the third requirement for conditional class certification, that is, that aggrieved individuals are interested in joining the lawsuit. (Doc. No. 21 at 17-18.) As noted above, courts in this Circuit are divided as to whether plaintiffs are required at the conditional certification stage to present evidence regarding the third element. The FLSA's text does not require such a showing, and some courts have argued that requiring proof of the third element is tension with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes. *See, e.g.*, *Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 768 (S.D. Tex. 2015); *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 915-16 (S.D. Tex. 2010). In the instant case, Plaintiffs have made a sufficient showing to satisfy the third element. Therefore, the Court need not decide whether the third element is

---

[3] *See Behnken v. Luminant Mining Co.*, 997 F. Supp. 2d 511, 522 (N.D. Tex. 2014).
[4] Defendant argues that neither alleged misclassification nor the policy of paying consultants a day rate is sufficient on its own to justify collective treatment. (Doc. No. 21 at 13-16.) However, as noted above, conditional class certification is justified here not on the basis of either of those allegations standing alone, but rather because Plaintiffs performed the same basic tasks and were subject to the same pay practices.

5

required in every case.

Plaintiffs may satisfy the third element by providing evidence that individuals other than those who filed the initial complaint have taken an interest in the lawsuit. *See, e.g.*, *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 472 (S.D. Tex. 2012); *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *8 (S.D. Tex. Nov. 19, 2007). This can be accomplished through affidavits from potential class members affirming their intentions to join, or by showing that new plaintiffs opted into the lawsuit after it was filed. *Id.*; *see also McKnight v. D.Houston, Inc.*, 756 F. Supp. 2d 794, 805 (S.D. Tex. 2010). Here, Plaintiffs have done the latter. The original complaint was filed by Mr. Kibodeaux on behalf of himself and other similarly situated workers. (Doc. No. 1.) On January 11, 2017, more than two months later, Mr. Sims opted into the lawsuit. (Doc. No. 11.) Although Mr. Sims is only one individual, his addition to the case constitutes a "minimal showing" that aggrieved individuals wish to opt in. *See Aguirre v. SBC Commc'ns, Inc.*, No. H–05–3198, 2006 WL 964554, at *6 (S.D. Tex. April 11, 2006). Therefore, Plaintiffs have satisfied the lenient conditional certification standard with regard to the third element.

### C. Merits-based defenses are irrelevant at the conditional certification phase.

Finally, Defendant argues that this case is inappropriate for collective treatment because it will require individualized determinations of: (1) whether consultants were misclassified as independent contractors, and (2) whether particular FLSA exemptions apply. (Doc. No. 21 at 7, 14-17.) These arguments, however, go to the merits of Plaintiffs' claims, and are therefore irrelevant to the question of collective treatment. As such, they do not defeat Plaintiffs' arguments for conditional certification.

To determine whether a worker is an employee or an independent contractor for purposes

of the FLSA, courts in the Fifth Circuit use the economic realities test. The test includes "five, non-exclusive factors: (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer." *Andel v. Patterson–UTI Drilling Co., LLC*, 280 F.R.D. 287, 290 (S.D. Tex. 2012) (quoting *Thibault v. Bellsouth Telecommunications, Inc.,* 612 F.3d 843, 846 (5th Cir. 2010)). Defendants correctly note that this inquiry is highly individualized and fact-intensive. However, Courts in the Fifth Circuit have found that the misclassification issue goes to the merits of the case, not collective action certification. *See, e.g.*, *Jones v. JGC Dallas LLC,* No. 3:11–CV–2743–O, 2012 WL 6928101, at *4 (N.D. Tex. Nov. 29, 2012) (economic realities test argument "is a merits-based argument, and courts are not to engage in merits-based analysis at the notice stage of a collective action."). Furthermore, Defendant's argument would preclude conditional certification in any case alleging employee misclassification, a result that is at odds with decisions in this Circuit. *See, e.g.*, *Rodriguez v. Flowers Foods, Inc.*, No. 4:16-cv-245, 2016 WL 7210943 (S.D. Tex. Dec. 13, 2016); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462 (S.D. Tex. 2012). As such, the Court finds that the need to adjudicate the misclassification issue does not preclude conditional certification.

Next, Defendant argues that potential class members may fall under an exemption to the FLSA's overtime provisions, another question that will require individualized and fact-intensive determinations. (Doc. No. 21 at 15-17.) However, like the question of misclassification, "exemptions are merits-based defenses to FLSA claims that courts in this district typically hold to be irrelevant at this initial, notice stage of the case." *Jones v. Cretic Energy Servs., LLC*, 149

7

F. Supp. 3d 761, 774 (S.D. Tex. 2015); *see also Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) ("the possible applicability of one or more [FLSA exemptions] cannot defeat conditional certification"). Therefore, the possible applicability of FLSA exemptions does not defeat conditional certification here.

### D. The parties should confer on a proposed notice acceptable to both sides.

Defendant objects to the content, form, and method of distribution of Plaintiffs' Proposed Notice. (Doc. No. 21 at 20.) The parties should therefore confer to draft a new proposed notice that is acceptable to both sides.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (Doc. No. 18) is **GRANTED IN PART**. Plaintiffs' proposed class is conditionally certified. The parties are hereby ordered to confer on a new proposed notice acceptable to both sides.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 11th day of May, 2017.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE